# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| JULIE A. SCHUBART, | ) |
| Plaintiff, | ) |
| v. | ) No. 11-cv-1446 |
| HORIZON WIND ENERGY, LLC, n/k/a EDP RENEWABLES NORTH AMERICA, LLC, | ) |
| Defendant. | ) |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant Horizon Wind Energy, LLC n/k/a EDP Renewables North America, LLC's (EDP) Second Motion to Compel Regarding Confidential Documents (d/e 16) (Motion). For the reasons set forth below, the Motion is ALLOWED in part and DENIED in part.

## BACKGROUND

Plaintiff Julie Schubart alleges that EDP discriminated against her and retaliated against her because of her sex in violation of Title VII of the

Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.  Complaint (d/e 1). EDP now moves to compel more complete discovery responses from Schubart.  This Court allowed EDP's First Motion to Compel (d/e 10), without objection.  Text Order entered October 1, 2012.  Schubart provided responses to EDP's interrogatories and requests to produce on October 3, 2012.  Schubart provided supplemental responses and supplemental Rule 26 disclosures on October 29, 2012.  Motion, at 2; Response to Defendant's Second Motion to Compel Regarding Confidential Documents (d/e 17) (Response), at 2.  EDP asks the Court to compel more complete responses to Interrogatories 2, 4-5, 7-8, and Document Production Requests No. 9-10, 13, 15, 20-25, and 27-28.[1]  The Court addresses the disputed discovery requests as grouped by EDP, as follows:

Interrogatory No. 2

Interrogatory No. 2 asks for a calculation of Schubart's damages, the dates of those losses, and the basis for the calculations.  Motion, Exhibit 1, Schubart's Answers to Interrogatories, at 3.  Schubart's initial response was inadequate, but she subsequently provided a calculation of damages in her supplemental rule 26 disclosure.  Response, Exhibit A, Plaintiff's

---

[1] The parties refer to various subpoenas issued to third parties.  Those subpoenas are not the subject of this Motion, and so, are not before the Court.

<u>Supplemental Disclosure Made Pursuant to Rule 26(a)(1)</u>, at 4-5.  This part of the request has been satisfied.

In addition, Schubart enrolled in classes at Roosevelt University and Parkland College since leaving EDP's employ.  Based on this, EDP asks for Schubart's records at those institutions, as well as her undergraduate program.  Schubart responds that she supplied her receipts from her attendance at those institutions and copies of receipts for incidental expenses incurred for books.  <u>Response</u>, at 4.  Schubart's supplemental response of the receipts is sufficient.  The receipts contain the relevant information sought by the interrogatory with respect to subsequent educational expenses after termination.  Information regarding her education before she worked for EDP is not responsive to the interrogatory.  The request to compel such information is denied.

The motion to compel additional responses to Interrogatory 2 is therefore denied.

<u>Interrogatories Nos. 4-5, and Document Requests Nos. 9-10, 13, and 27</u>

These discovery requests seek the identification of efforts to mitigate damages, including subsequent employment, other income, full names and addresses of each employer, business or entity from whom or which Schubart sought employment after her departure from EDP, the dates of

applications for employment, nature of work sought, names of supervisors, and identification of all documents related to that income. Schubart responds that she has provided this information. Schubart is directed to review the requests and provide any additional responsive information that she possesses, or documents in her possession, that she had not already provided. If she has no additional information or documents, she should say so in her response.

Schubart produced a spreadsheet that contained some of the responsive information and some redactions. Schubart states that privileged information was redacted. Schubart is directed to provide either an unredacted copy of the spreadsheet or a privilege log. The privilege log must meet the requirements of Rule 26(b)(5)(A). Fed. R. Civ. P. 26(b)(5)(A).

Interrogatory No.7

EDP seeks an order compelling Schubart to identify the dates that Schubart claims to have been unable to work, the reason, and the treating physicians in those periods of incapacitation. Schubart is directed to provide this information. This information may be subject to a protective order. The parties have been unable to agree on a protective order. The parties are directed to confer and agree on a protective order.

Interrogatory 8 and Document Production Requests Nos. 15, 24-25

These discovery requests seek information about statements from others about her claim.  In response, Schubart provided 170 documents.  EDP seeks confirmation that all documents responsive to these requests have been produced.  Schubart is directed to provide such confirmation.  If she has additional responsive documents, she is directed to produce them.

Document Production No. 20-23

Schubart did not respond directly to these discovery requests due to an inadvertent error.  Schubart represented that she would respond to these request by December 3, 2012.  Response, at 6.  Schubart is directed to respond if she has not done so already.

Document Production Request No. 28

Document Request No. 28 describes the following documents to be produced:

> 28. All online profiles, postings, messages (including without limitation, tweets, replies, retweets, direct messages, instant messages, text messages, status updates, wall comments, groups joined, activity streams, and blog entries), photographs, videos and online communications that:
>
> > a. refer to relate to the allegations in the Complaint;
> >
> > b. refer or relate to any facts or defenses raised in Defendant's Answer;

      c.      reveal, refer or relate to any motion, feeling, or mental state; or

      d.      reveal refer, or relate to events that could reasonably be expected to produce a significant feeling, or mental state.

<u>Motion</u>, Exhibit 2, <u>Plaintiff's Response to Request for Production of Documents</u>, ¶ 28.  In response, Schubart objected to subparts c. and d. of the request as overly broad and burdensome.  She produced the documents that were responsive to subparts a. and b.  The Court agrees with the objection.  Subparts, c. and d. are overly broad without any limitations as to time, and without any limitation or connection to the events in this case or to her damage claims.  The Court therefore sustains the objections and does not compel further response to this request.

    WHEREFORE Defendant Horizon Wind Energy, LLC n/k/a EDP Renewables North America, LLC's Second Motion to Compel Regarding Confidential Documents (d/e 16) is ALLOWED in part and DENIED in part.  The parties are directed to submit an agreed proposed protective order by December 18, 2012.  Plaintiff Julie Schubart is directed to provide the additional responses directed in this Opinion by December 21, 2012.

Enter:   December 11, 2012

                      *s/ Byron G. Cudmore*
                UNITED STATES MAGISTRATE JUDGE